UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 25- 61223-WPD

SAINTILMA DOR and MATILDE DOR,

*Plaintiffs*,

v.

MARCO RUBIO. MATT PIERCE,
And HENRY WOOSTER,

*Defendants*.

_____________________________________/

**ORDER GRANTING DEFENDANTS' MOTION TO DISMISS**

THIS CAUSE is before the Court on Defendants' Motion to Dismiss, [DE 7], filed herein on August 22, 2025. The Court has reviewed the Motion, the Response, and the Reply thereto, and is otherwise fully advised in the premises.

## I. BACKGROUND

The allegations according to the Complaint [DE 1] are as follows. Plaintiff Saintilma Dor filed a petition on Form I-130 for the benefit of his daughter, Plaintiff Matilde Dor, on December 8, 2008. Compl. ¶ 14. The petition on Form I-130 was approved in or around 2009. *Id.* ¶ 15. On May 30, 2020, Plaintiff Matilde Dor submitted to the State Department an application on Form DS-260 for an immigrant visa. *Id.* ¶ 17. On June 7, 2023, the State Department's National Visa Center ("NVC") informed Plaintiff Matilde Dor that her application was "documentarily complete" and eligible for the scheduling of an immigrant visa interview appointment at a U.S. Embassy in Port-au-Prince, Haiti. *Id.* ¶ 18 and Ex. A.

As of the date of Plaintiffs' Complaint, June 18, 2025, Plaintiff Matilde Dor had not received an immigrant visa interview appointment. *See* Compl. ¶ 20. Plaintiffs claim the passage of two years since Plaintiff Matilde Dor's visa petition was documentarily complete is unreasonable and warrants judicial intervention. They seek an order in the nature of mandamus and under the Administrative Procedures Act, 5 U.S.C. §§ 701, *et seq.*, "mandating a time certain to schedule Plaintiff [Matilde Dor] for her required immigrant visa interview and thereafter complete the adjudication of Plaintiff's Application" or in the alternative, an order "compel[ling] Defendants, and those acting under them, to perform their duty to schedule Plaintiff MATILDE for her required immigrant visa interview and thereafter adjudicate Plaintiff's Application immediately." Compl. p. 8. Plaintiffs accordingly allege one count under the Administrative Procedures Act ("APA") for failure to adjudicate Plaintiffs' immigration claim within a reasonable time under 5 U.S.C. §555(b) and 22 CFR § 42.81. ¶ 26.

Defendants move to dismiss for lack of jurisdiction under Rule 12(b)(1) and for failure to state a claim under Rule 12(b)(6). The Court agrees Plaintiffs' claim is subject to dismissal.

## II. STANDARD OF LAW

Under Rule 12(b)(1), a court may dismiss a complaint for lack of subject matter jurisdiction. Fed. R. Civ. P. 12(b)(1). "Attacks on subject matter jurisdiction under Fed. R. Civ. P. 12(b)(1) come in two forms": facial and factual attacks. *Lawrence v. Dunbar*, 919 F.2d 1525, 1528–29 (11th Cir. 1990) (per curiam). "On a facial attack, a plaintiff is afforded safeguards similar to those provided in opposing a Rule 12(b)(6) motion, meaning that the court must consider the allegations of the complaint to be true." *Fru Veg Mktg., Inc. v. Vegfruitworld Corp.*, 896 F. Supp. 2d 1175, 1179 (S.D. Fla. 2012). "Factual attacks challenge subject matter jurisdiction in fact, irrespective of the pleadings." *Morrison v. Amway Corp.*, 323 F.3d 920, 924 n.5 (11th Cir. 2003).

The burden is on the party seeking to invoke the Court's jurisdiction to establish that jurisdiction exists. *Kokkonen v. Guardian Life Ins. Co. of Am.,* 511 U.S. 375, 377, (1994). If the Court determines that it lacks subject matter jurisdiction, it must dismiss the claim. *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94 (1998).

Under Rule 12(b)(6), a motion to dismiss should be granted if the plaintiff is unable to articulate "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (abrogating *Conley*, 355 U.S. at 41). "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). The allegations of the claim must be taken as true and must be read to include any theory on which the plaintiff may recover. *See Linder v. Portocarrero*, 963 F. 2d 332, 334–36 (11th Cir. 1992) (citing *Robertson v. Johnston*, 376 F. 2d 43 (5th Cir. 1967)).

Nevertheless, the Court need not take allegations as true if they are merely "threadbare recitals of a cause of *action's* elements, supported by mere conclusory statements . . ." *Iqbal*, 556 U.S. at 663. In sum, "a district court weighing a motion to dismiss asks 'not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims.'" *Twombly*, 550 U.S. at n. 8 (quoting *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974), *overruled on other grounds*, *Davis v. Scherer*, 468 U.S. 183 (1984)).

## III. DISCUSSION

A writ of mandamus "is an extraordinary remedy available only in the clearest and most compelling of cases." *Alfassi v. Garland*, 614 F. Supp. 3d 1252, 1255 (S.D. Fla. 2022) (citing *Cheney v. U.S. Dist. Ct. for Dist. of Columbia*, 542 U.S. 367, 392 (2004) (Stevens, J., concurring)).

In the Eleventh Circuit, a district court may exercise jurisdiction over a mandamus action "only if (1) the plaintiff has a clear right to the relief requested; (2) the defendant has a clear duty to act; and (3) no other adequate remedy is available." *Hakki v. Secretary*, 7 F.4th 1012, 1036 (11th Cir. 2021) (internal quotations and citations omitted). "The mandamus remedy was normally limited to enforcement of a specific, unequivocal command, the ordering of a precise, definite act about which [an official] had no discretion whatever." *Norton v. S. Utah Wilderness All.*, 542 U.S. 55, 63 (2004) (cleaned up). "The party seeking mandamus has the burden of demonstrating that his right to the writ is clear and indisputable." *Serrano v. United States AG*, 655 F.3d 1260, 1263–64 (11th Cir. 2011) (citation omitted).

Likewise, to state a claim of unreasonable delay under the APA, the Plaintiffs must allege that an agency "failed to take a discrete agency action that it is required to take and that the delay was unreasonable." *Da Costa v. Immigr. Inv. Program Off.*, 80 F.4th 330, 340 (D.C. Cir. 2023) (cleaned up). If the agency action is "unreasonably delayed," the APA authorizes the reviewing court to compel the delayed action. *See id.* at 338 (citing 5 U.S.C. § 706(1)). "The analysis for relief under the Mandamus Act and the APA is virtually the same." *Assadian v. Oudkirk*, 694 F.Supp.3d 1310, 1315 (S.D. Cal. 2023) (citations omitted).

*a. Discretionary Duty*

Plaintiffs allege Defendants have a duty to adjudicate Plaintiff Matilde's Application within a reasonable period of time pursuant to 5 U.S.C. § 555(b), 22 CFR § 42.81, § 42.62, and 8 U.S.C. § 1202(a), in isolation or in combination. *See* [DE 1] ¶ 26; Resp. 6, 7. A range district courts across the country have concluded that there does not exist a non-discretionary authority to conduct an interview for a documentarily complete application. *See, e.g.*, *Mueller v. Blinken*, 682 F.Supp.3d 528, 537 (E.D. Va. July 17, 2023) (finding that 22 C.F.R. § 42.81(a) did not impose a duty to

schedule a consular interview); *Prince v. Blinken,* No. 2:23CV100-PPS/APR, 2023 WL 5670158, at *2 (N.D. Ind. Aug. 31, 2023) (concluding that "scheduling of visa application interviews is a discretionary function of State Department officials" and that plaintiff awaiting appointment was unable to "establish a clear and nondiscretionary duty that required [the plaintiff] to be granted such an interview"); *Khalil-Arghi v. Bitter*, No. 23-cv-00696-LB, 2023 WL 5988590, *5 (N.D. Cal. Sept. 2023) (same); *Abakporo v. Nat'l Visa Center*, 2023 WL 474335, at *3 (W.D. Wash. Jul. 25, 2023)(similar); *Throw v. Mayorkas*, 2023 WL 2787222, at *3 (W.D. Wash. Apr. 5, 2023) ("the Court can find no statutory or regulatory obligation requiring the State Department to schedule a consular interview by a date certain"); *Gilani v. Bitter*, No. 23-CV-03288, 2024 WL 1839455, at *3 (C.D. Ill. Apr. 26, 2024); *Niknam v. United States Dep't of State,* No. 23-CV-01380-PAB-SBP, 2024 WL 709636, at *3 (D. Colo. Feb. 21, 2024); *Khan v. Bitter*, No. 22 C 6617, 2023 WL 6311561, at *3 (N.D. Ill. Sept. 28, 2023).

Still, not all courts have reached this same conclusion. *See e.g.*, *Mojtabavi v. Blinken*, No. SA CV 24-1359 PA (ASX), 2024 WL 5316832, at *4 (C.D. Cal. Oct. 22, 2024) ("Defendants have a nondiscretionary duty to complete the process for adjudicating a visa application, including scheduling an interview before a consular officer, within a reasonable period of time."); *Ahmed v. United States Dep't of State*, No. 23-CV-02474-SVK, 2024 WL 315705, at *3 (N.D. Cal. Jan. 26, 2024) (same).

In the presence of some conflicting case law, and in the absence of binding authority on the issue, nor persuasive authority from this District, the Court will "assume without deciding that State Department officials have a non-discretionary, discrete duty to schedule visa interviews for documentarily qualified applicants." *Adan v. Blinken*, No. CV 24-591 (JDB), 2024 WL 5168521, at *2 (D.D.C. Dec. 19, 2024); *Baygan v. Blinken*, Civ. A. No. 23-2840 (JDB), 2024 WL 3723714,

at *5 (D.D.C. Aug. 8, 2024) (taking similar approach); *Cheng v. Blinken*, Civ. A. No. 23-2602 (JDB), 2024 WL 4345831, at *6 (D.D.C. Sept. 30, 2024) (same); *see also Kapoor v. Blinken*, No. 21-CV-01961-BLF, 2022 WL 181217, at *3 (N.D. Cal. Jan. 20, 2022) (withholding judgment on whether a non-discretionary duty exists, then proceeding to consider whether delay in scheduling visa interviews was unreasonable.); *Poursohi v. Blinken*, No. 21-CV-01960-TSH, 2021 WL 5331446, at *4 (N.D. Cal. Nov. 16, 2021) (same). Because this inquiry is jurisdictional, the Court assumes without deciding it has jurisdiction over this case, and proceeds to address whether Plaintiffs state a claim for unreasonable delay under the APA.

*b. Unreasonable Delay*

Plaintiffs fails to state a claim for unreasonable delay under the APA, as any delay in scheduling the interview has not been unreasonable. Courts often look to the six-factor balancing test set forth in *Telecommunications Research and Action Center v. FCC*, 750 F.2d 70, 80 (D.C. Cir. 1984) ("*TRAC*"), to determine whether agency delay is reasonable or unreasonable. Although the Eleventh Circuit has not expressly adopted the TRAC factors, lower courts in this Circuit have found the TRAC factors applicable when confronted with unreasonable delay claims. *See e.g.*, *Osechas Lopez v. Mayorkas*, 649 F. Supp. 3d 1278, 1287 (S.D. Fla. 2023); *Nascimento v. United States Dep't of Homeland Sec.*, 689 F. Supp. 3d 1245, 1250 (S.D. Fla. 2023); *Santiago v. Mayorkas*, 554 F. Supp. 3d 1340, 1353 (N.D. Ga. 2021). This analysis is appropriate on a motion to dismiss if the "record contains enough facts to evaluate the TRAC factors." *Osechas Lopez*, 649 F. Supp. 3d. at 1287 (quoting *Da Costa v. Immigration Inv'r Program Office*, 643 F.Supp.3d 1, 12 (D.D.C.

Nov. 16, 2022)). Both parties here have briefed the TRAC factors, and so this analysis is presently appropriate.[1]

The TRAC factors are: (1) "the time agencies take to make decisions must be governed by a rule of reason"; (2) "where Congress has provided a timetable or other indication of the speed with which it expects the agency to proceed in the enabling statute, that statutory scheme may supply content for this rule of reason"; (3) "delays that might be reasonable in the sphere of economic regulation are less tolerable when human health and welfare are at stake"; (4) "the court should consider the effect of expediting delayed action on agency activities of a higher or competing priority"; (5) "the court should also take into account the nature and extent of the interests prejudiced by delay"; and (6) "the court need not find any impropriety lurking behind agency lassitude in order to hold that agency action is unreasonably delayed." *TRAC*, 750 F.2d at 80 (quotations omitted).

"In applying these factors, the Court is determining whether . . . Plaintiffs' complaint has alleged facts sufficient to state a plausible claim for unreasonable administrative delay." *Ghadami v. DHS*, No. 19-cv-00397 (ABJ), 2020 WL 1308376, at *7 n.6 (D.D.C. Mar. 19, 2020).

i. <u>Factors One and Two</u>

The first two factors strongly favor dismissal. *See Meyou v. U.S. Dep't of State*, No. CV 21-2806 (JDB), 2022 WL 1556344, at *3 (D.D.C. May 17, 2022) ("Factors one and two are related, and courts often consider them together."). This combined analysis asks, "whether a rule of reason governs the agency response time and whether Congress, by statute, indicated an expected

[1] "Defendants submit that an analysis of the individual factors is unnecessary at this juncture, especially given the clear authorities on unreasonable delay discussed herein," but provides that even if a TRAC analysis was appropriate, "the TRAC factors each favor Defendants in such an analysis." Given Defendant's extensive citations to cases invoking the TRAC factors, the Court considers Defendants to have briefed this issue.

timetable for the response time." *Baygan v. Blinken*, No. CV 23-2840 (JDB), 2024 WL 3723714, at *6 (D.D.C. Aug. 8, 2024).

Regarding immigrant visa applications at issue here, "Congress did not provide a statutory deadline to complete processing or adjudication of visa applications; instead, it has given the agencies wide discretion in the area of immigration processing." *Adan v. Blinken*, No. CV 24-591 (JDB), 2024 WL 5168521, at *3 (D.D.C. Dec. 19, 2024) (cleaned up). In the absence of statutory guidance, the Court turns to caselaw to analyze reasonableness of the length of delay. *See id.* Courts evaluate the length of the delay in light of "the complexity of the task at hand, the significance (and permanence) of the outcome, and the resources available to the agency." *Da Costa v. Immigr. Inv. Program Off.*, 80 F.4th 330, 340 (D.C. Cir. 2023) (quotations omitted). The wait time is generally measured as the time elapsed between the last government action and the issuance of the opinion. *See Meyou v. U.S. Dep't of State*, No. CV 21-2806 (JDB), 2022 WL 1556344, at *3 (D.D.C. May 17, 2022).

With respect to delays in scheduling immigrant visa interviews, courts routinely find that a two-year delay is reasonable, and even on the shorter side. "[D]istrict courts have generally found that immigration delays in excess of five, six, seven years are unreasonable, while those between three to five years are often not unreasonable." *Didban v. Pompeo*, 435 F. Supp. 3d 168, 176 (D.D.C. 2020); *Varghese v. Blinken*, No. 21-2597 (CRC), 2022 WL 3016741, at *5 (D.D.C. July 29, 2022) (finding delay of "around four years" in from when the petition was filed to the issuance of the court's opinion does "not warrant judicial intervention, standing alone"); *Arab v. Blinken*, 600 F.Supp.3d 59, 69–71 (D.D.C. 2022) (ruling that a thirty-month delay in the scheduling of an immigrant visa interview was not unreasonable); *Akrayi v. Dep't of State*, Civ. A. No. 22-1289, 2023 WL 2424600, at *3 (D.D.C. Mar. 9, 2023) (recognizing a delay of three years in scheduling

an immigrant visa application "does not reach the length that courts have found unreasonable."). Plaintiff asserts her application was documentarily complete on June 7, 2023, and that as of the filing of this action, June 18, 2025, a little over two years later, she has not been scheduled for an immigrant visa appointment. Plaintiff's two-year delay is within the realm of reason. These first two factors weigh in favor of Defendants.

ii. Factors Three, Four, and Five

Factors three, four, and five likewise favor Defendants. The third, fourth, and fifth TRAC factors consider whether "human health and welfare are at stake," any effects "of expediting delayed action on agency activities of a higher or competing priority," and the "nature and extent of the interests prejudiced by delay." *TRAC*, 750 F.2d at 80. *See also Osechas Lopez*, 649 F. Supp. 3d at 1289 (considering these factors in the aggregate). Plaintiffs alleged they "have suffered substantial financial and emotional hardship due to the prolonged and unreasonable delay in the adjudication of Plaintiff MATILDE's application. Additionally, the growing instability in Haiti poses a serious threat to Plaintiff MATILDE's safety and well-being." Compl. ¶ 24. Further, Plaintiff Matilde alleges she remains in Haiti during a period of extraordinary violence and instability, while her father, Plaintiff Saintilma—of advanced age—remains gravely concerned for her safety. (Plaintiffs' Compl., fn. 1, p. 2)

Although the Court is sympathetic to these concerns, generalized allegations of health and safety concerns are not entitled to a presumption of truth and fail at the motion to dismiss stage. *See Nascimento v. United States Dep't of Homeland Sec.*, 689 F. Supp. 3d 1245, 1250 (S.D. Fla. 2023) (conclusory allegations of violence in the country not entitled to presumption of truth at the motion to dismiss stage where plaintiff "does not allege any specific physical or mental health concerns."). Moreover, "uncertainties are inherent in the immigration process." *Bega v. Jaddou*,

No. CV 22-02171 (BAH), 2022 WL 17403123, at *7 (D.D.C. Dec. 2, 2022), *aff'd sub nom. Da Costa v. Immigr. Inv. Program Off.*, 80 F.4th 330 (D.C. Cir. 2023) do not outweigh Plaintiffs' relatively short two year wait time to merit intervention by this Court.

iii. Factor Six

The last TRAC factor "accounts for any claim that the agency has acted in bad faith." *Varghese v. Blinken*, No. 21-CV-2597 (CRC), 2022 WL 3016741, at *4 (D.D.C. July 29, 2022). Plaintiffs "do not allege bad faith." Pl. Response [DE 8] p. 12. Accordingly, this factor weighs in favor of Defendants.

Based upon the foregoing, it is **ORDERED AND ADJUDGED** as follows:

1. Defendants' Motion [DE 7] is **GRANTED**;
2. The Complaint [DE 1] is **DISMISSED**;
3. Although this Court is doubtful that an amended complaint would cure any pleading inadequacies here, the Court will allow one further opportunity to amend their complaint by October 27, 2025. Failure to file an amended complaint will result in the closure of this case.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Florida, this 15th day of October, 2025.

William P. Dimitrouleas

WILLIAM P. DIMITROULEAS
United States District Judge

Copies: Counsel of record